IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:15-CV-176-MR
CRIMINAL CASE NO. 1:05-CR-251-MR-DLH

| | | |
|---|---|---|
| RICHARD KENNETH GALLOWAY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, filed under 28 U.S.C. § 2255, [CV Doc. 1].[1] No response from the Government is necessary. For the reasons that follow, the Court finds that Petitioner's filing is an unauthorized, successive § 2255 motion. The Court will therefore dismiss Petitioner's Motion to Vacate. The Court further finds that, to the extent that Petitioner seeks alternative relief pursuant to 28 U.S.C. § 2241, Petitioner's Motion to Vacate will be dismissed without prejudice. Finally, Petitioner is not entitled to alternative relief under the writs of *error coram nobis* or *audita querela.*

---

[1] Because this Order must reference documents contained on the docket in both Petitioner's civil case and in his criminal case, the Court will cite to documents from Petitioner's civil case with the prefix "CV" and from his criminal case with the prefix "CR."

**I.     BACKGROUND**

Petitioner was indicted on October 4, 2005, and charged with four firearms offenses. [CR Doc. 1]. On February 27, 2006, Petitioner entered a plea of guilty to Count One of the indictment, pursuant to a written plea agreement [CR Doc. 16], admitting that he possessed a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1). [CR Doc. 17]. Based on several prior convictions, the Court concluded Petitioner met the qualifications for being sentenced as an Armed Career Criminal pursuant to 18 U.S.C. § 924(e). [CR Doc. 37]. On November 1, 2006, the Court sentenced Petitioner to the statutory minimum of 180 months in prison as mandated by § 924(e). [CR Doc. 22]. On Petitioner's direct appeal, the Fourth Circuit affirmed the Court's judgment, entering its mandate on April 23, 2008. United States v. Galloway, 271 F. App'x 296 (4th Cir. 2008) (unpublished). Petitioner did not file a petition seeking the Supreme Court's writ of *certiorari*.

Petitioner filed his first 28 U.S.C. § 2255 petition on August 20, 2012, and refiled that petition on March 21, 2014, after properly executing the same under penalty of perjury. [CR Docs. 45; 48]. The Court denied this petition with prejudice as untimely on February 18, 2015. [CR Doc. 49]. Petitioner filed the instant Section 2255 petition on August 12, 2015. Thus, this is the

second Section 2255 petition filed by Petitioner challenging his criminal conviction and sentence. In the instant petition, Petitioner seeks relief from his Armed Career Criminal designation under the Supreme Court's recent decision in <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015). In the petition, Petitioner also states that this Court "may exercise its jurisdiction under 28 U.S.C. 2241 and 1651 respectively and construe the filing in order to grant the relief sought herein." [CV Doc. 1 at 1].

## II.  STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. After having considered the record in this matter, the Court finds that no response is necessary from the United States. Further, the Court finds that this matter can be resolved without an evidentiary hearing. <u>Raines v. United States</u>, 423 F.2d 526, 529 (4th Cir. 1970).

## III.  DISCUSSION

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order

authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court can consider any successive petition under 28 U.S.C. § 2255. Petitioner has not obtained the appropriate certificate from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider his present Motion to Vacate. See 28 U.S.C. § 2255(h) ("[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals."). Accordingly, this Court is without jurisdiction to consider Petitioner's Motion to Vacate and the same must be dismissed as successive.[2] Burton v. Stewart, 549 U.S. 147, 153 (2007) (failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

---

[2] Given that this Court is without jurisdiction to consider Petitioner's Motion to Vacate, it is precluded from considering the merits of Petitioner's Johnson claim and, by extension, the retroactivity, if any, of the Johnson decision itself. The Court notes, however, the current split between the two circuits that have addressed Johnson's retroactivity issue. See Price v. United States, --- F.3d ----, 2015 WL 4621024 (7th Cir. Aug. 4, 2015) (Johnson decision holding that imposition of enhanced sentence under residual clause of Armed Career Criminal Act violates due process announced new rule of constitutional law and is thus categorically retroactive to cases on collateral review); but see In re Rivero, --- F.3d ----, 2015 WL 4747749 (11th Cir. Aug. 12, 2015) (While the Johnson decision holding that imposition of enhanced sentence under residual clause of Armed Career Criminal Act violates due process announced new rule of constitutional law, the rule in Johnson is not retroactive to Career Offender challenges on collateral review).

Next, to the extent that Petitioner alternatively seeks relief under 28 U.S.C. § 2241, the Court will dismiss the § 2241 petition without prejudice. "In contrast to a [Section] 2255 habeas petition, which is filed with the original sentencing court, a [Section] 2241 habeas petition can only be filed in the district in which a prisoner is confined." United States v. Poole, 531 F.3d 263, 264 (4th Cir. 2008). According to Petitioner's correspondence, Petitioner is confined in a Bureau of Prisons' facility in South Carolina. [CR Doc. 1]. Therefore, Petitioner's § 2241 petition should be dismissed without prejudice based upon improper venue.

Finally, to the extent that Petitioner seeks alternative grounds for relief pursuant to 28 U.S.C. § 1651 in the form of writs of *error coram nobis* and *audita querela*, the Fourth Circuit has described the application of these writs as follows:

> A writ of error coram nobis may be used to vacate a conviction where there is a fundamental error resulting in conviction, and no other means of relief is available. United States v. Morgan, 346 U.S. 502, 509-11 (1954); United States v. Akinsade, 686 F.3d 248, 252 (4th Cir. 2012). The remedy is limited, however, to those petitioners who are no longer in custody pursuant to their convictions. Carlisle v. United States, 517 U.S. 416, 428-29 (1996); Akinsade, 686 F.3d at 252.
> Further, a writ of audita querela is not available to a petitioner when other avenues of relief are available, such as a motion to vacate under 28 U.S.C.A. § 2255 (West Supp. 2012). Torres, 282 F.3d at 1245; United States v. Johnson, 962 F.2d 579, 582 (7th Cir. 1992). That a petitioner may not proceed

5

> under § 2255 unless he obtains authorization from this court does not alter this conclusion. See Carrington v. United States, 503 F.3d 888, 890 (9th Cir. 2007) ("[T]he statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs.").

United States v. Sessoms, No. 12-7316, 2012 WL 5520311, slip op. at 1 (4th Cir. 2012) (unpublished). Petitioner is in custody pursuant to his conviction. Therefore, the writ of *error coram nobis* is not available to Petitioner. Furthermore, Petitioner previously challenged his conviction and sentence in a Section 2255 motion. Petitioner may not use the writ of *audita querela* to side-step the statutory restrictions on successive petitions.

**IV. CONCLUSION**

For the reasons stated herein, Petitioner's Section 2255 petition is dismissed as successive. Petitioner's Section 2241 petition is dismissed without prejudice because Petitioner did not file the petition within his district of confinement. Finally, Petitioner cannot satisfy the prerequisites to obtaining relief under either the writs of *error coram nobis* or *audita querela*.

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). This denial of a certificate of appealability, however, is without prejudice to the Petitioner seeking permission from the Fourth Circuit Court of Appeals to bring a second or successive 28 U.S.C. § 2255 petition in order to present his Johnson claim.

**V. ORDER**

Based upon the foregoing, **IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, [CV Doc. 1], is **DISMISSED** as a second or successive petition. To the extent that Petitioner seeks to file a Section 2241 petition, the petition is dismissed without prejudice due to improper venue. Finally, Petitioner is not entitled to alternative relief pursuant to 28 U.S.C. § 1651 in the form of writs of *error coram nobis* and *audita querela*.

2. Petitioner must obtain permission from the Fourth Circuit Court of Appeals before this Court may entertain Petitioner's second or successive Section 2255 motion raising a Johnson claim.

3. The Court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge