# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL CASE NO. 1:16-cv-00117-MR
# (CRIMINAL CASE NO. 1:05-cr-00251-MR-DLH-1)

| | |
|---|---|
| RICHARD KENNETH GALLOWAY, ) <br> ) <br> Petitioner, ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on Petitioner Richard Kenneth Galloway's Motion to Vacate Sentence under 28 U.S.C. § 2255 and for Immediate Release [Doc. 1] and on the Government's Response in Support of Motion to Vacate [Doc. 3].[1] Petitioner is represented by Joshua Carpenter of the Federal Defenders of Western North Carolina.

Petitioner seeks relief from his 180-month sentence under 28 U.S.C. § 2255, arguing that, in light of Johnson v. United States, 135 S. Ct. 2551 (2015), he was improperly sentenced as an armed career criminal because

---

[1] This is a successive petition, but on April 26, 2016, the Fourth Circuit Court of Appeals granted Petitioner authorization to file the petition in this Court. [Crim. Case No. 1:05-cr-00251-MR-DLH-1, Doc. 58].

he does not have three prior convictions that qualify as predicate felonies under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). For the reasons that follow, the motion to vacate will be granted.

I.  **BACKGROUND**

Petitioner was indicted on October 4, 2005, and charged with two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1); and two counts of possession of a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Crim. Case No. 1:05-cr-00251 ("CR"), Doc. 1: Indictment]. Five months later, Petitioner entered into a written plea agreement with the Government and pleaded to a single felon-in-possession offense. [CR Doc. 16: Plea Agreement].

In Petitioner's presentence report ("PSR"), the probation officer noted that Petitioner had prior convictions for (1) manslaughter, (2) first-degree felony escape, (3) assault with a deadly weapon, (4) felony possession with intent to manufacture/sell/deliver marijuana (two counts), (5) possession of a weapon of mass destruction, and (6) manufacturing marijuana, all in violation of North Carolina law. [CR Doc. 41 at ¶¶ 25-40: PSR]. The probation officer determined that Petitioner qualified as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).

2

[Id. at ¶ 20]. The probation officer calculated a total offense level of 30. [Id. at ¶ 22]. Combined with a criminal history category of IV, this offense level would yield an advisory Sentencing Guidelines range of 135 to 168 months in prison. [Id. at ¶ 69]. The probation officer also noted, however, that Petitioner faced a statutory mandatory minimum term of 180 months in prison because of his status as an armed career criminal. [Id.]. This Court sentenced Petitioner to 180 months in prison. [Id., Doc. 22 at 2: Judgment]. Petitioner appealed and on April 1, 2008, the Fourth Circuit affirmed this Court's judgment. United States v. Galloway, 271 F. App'x 296 (4th Cir. 2008).

Petitioner now seeks relief from his sentence under 28 U.S.C. § 2255, arguing that his having been sentenced as an armed career criminal was improper in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015). Specifically, Petitioner contends that, for the reasons set out in Johnson, he no longer has three predicate convictions supporting his classification as an armed career criminal.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to

3

determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by Petitioner can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

The ACCA provides for a mandatory minimum term of 15 years in prison for any defendant who violates 18 U.S.C. § 922(g) and who has three previous convictions for a "violent felony" or a "serious drug offense." 18 U.S.C. § 924(e)(1). "Violent felony" is defined to include "any crime punishable by imprisonment for a term exceeding one year" that "(i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." Id. § 924(e)(2)(B). In assessing whether a prior conviction qualifies as a violent felony for purposes of the ACCA, a sentencing court employs the categorical approach, comparing the elements of the statute forming the basis of the defendant's conviction with the ACCA's definition of "violent felony." See Descamps v. United States, 133 S. Ct. 2276, 2281 (2013).

In 2015, the Supreme Court held in Johnson that the ACCA's "residual clause," which defines "violent felony" to include a prior conviction for an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another," is void for vagueness. Johnson, 135 S. Ct. at 2556, 2558. As a result of Johnson, a defendant who was sentenced to a statutory mandatory minimum term based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. See United States v. Newbold, 791 F.3d 455, 460 (4th Cir. 2015) (holding that the improper imposition of an ACCA-enhanced sentence is an error that is cognizable in a motion to vacate filed under 28 U.S.C. § 2255).[2] Further, the Supreme Court recently held that Johnson is retroactively applicable on collateral review to claims that the defendant was improperly sentenced as an armed career criminal. See Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

In its response, the Government concedes that in light of Johnson, Petitioner no longer has the requisite prior convictions to qualify as an armed career criminal. The Court agrees. First, in United States v. Hairston, the

---

[2] The Johnson Court did not strike the remainder of the "violent felony" definition, including the four enumerated offenses and the "force clause" of § 924(e)(2)(B)(i). Johnson, 135 S. Ct. at 2563. Thus, where at least three of the defendant's prior convictions satisfy the "force clause" or otherwise qualify as one of the four enumerated offenses, no relief under Johnson is warranted.

5

Fourth Circuit held that felony escape in violation of North Carolina law does not have as an element the use, attempted use, or threatened use of physical force against another sufficient to satisfy the force clause of § 924(e)(2)(B)(i). 71 F.3d 115, 117 (4th Cir. 1995). Petitioner's escape conviction, therefore, does not qualify as an adequate predicate to support his classification as an armed career criminal. Petitioner's conviction for possession of a weapon of mass destruction also does not qualify as a violent felony. See United States v. Haste, 292 F. App'x 249, 250 (4th Cir. 2008) (unpublished).

Finally, Petitioner's drug-trafficking convictions do not qualify as "serious drug offenses." A "serious drug offense" is defined in the ACCA as an offense under either the Controlled Substances Act or a drug-trafficking offense under state law for which a maximum term of imprisonment of ten years or more is prescribed by law. 18 U.S.C. § 924(e)(2)(A). In United States v. Simmons, the Fourth Circuit held that a defendant's prior North Carolina conviction was punishable by imprisonment exceeding one year and, therefore qualified as a "felony drug offense" for purposes of the Controlled Substances Act, only if the particular defendant's crime of conviction was punishable under North Carolina law by a prison term exceeding one year. 649 F.3d 237, 249 (4th Cir. 2011) (en banc). Thus, under Simmons, where the defendant was sentenced under North Carolina's

6

Structured Sentencing Act and the judgment did not reflect that he could have received a sentence in excess of one year in prison, his prior conviction was not for a felony offense punishable by more than one year in prison, even if another defendant convicted of that offense could have received that punishment.  See id.

In United States v. Newbold, 791 F.3d 455 (4th Cir. 2015), the Fourth Circuit applied Simmons in the context of determining whether the defendant's prior drug-trafficking conviction, obtained under North Carolina law before the Structured Sentencing Act became effective, was for an offense punishable by at least ten years in prison and, therefore, qualified as a "serious drug offense" for purposes of the ACCA.  See Newbold, 791 F.3d at 461.  The defendant in Newbold was convicted under North Carolina's Fair Sentencing Act, which provided for a "presumptive" term of three years in prison for his prior drug-trafficking conviction.  Id.  Under the Fair Sentencing Act, the judge could only deviate from the presumptive term by finding and recording aggravating or mitigating factors.  Id.  The Court held in Newbold that because the record from the prior conviction did not demonstrate that the defendant was subject to the aggravated range of imprisonment based on a finding that the offense was aggravated, the offense was not punishable

by more than three years in prison and did not qualify as a "serious drug offense" for purposes of the ACCA. Id. at 463.

Here, the judgment related to Petitioner's 1992 drug-trafficking convictions reflect a presumptive range of imprisonment of two years for each of these convictions and do not reflect a finding of any aggravated circumstances related to these offenses. [Doc. 1 at 20: Ex. 2 attached to Pet. Mot. to Vacate]. The judgment related to Petitioner's 1997 drug-trafficking conviction reflects that Petitioner was convicted of a Class I felony and had a prior record level of IV at the time of that conviction. [Id. at 15: Ex. 1 attached to Pet. Mot. to Vacate]. Under North Carolina General Statutes § 15A-1340.17(c) and (d), Petitioner could not have a received a sentence greater than ten months in prison for that conviction. Under Simmons and Newbold, the Government therefore concedes that Petitioner's prior drug-trafficking convictions do not qualify as "serious drug offenses" for purposes of the ACCA.

Defendant's PSR lists six predicate offenses for finding him to be an Armed Career Criminal. As outline above, however, four of those six do not qualify as proper predicates in light of Johnson, Newbold and Simmons. This leaves Defendant with only two qualifying convictions. The ACCA, however, requires three qualifying predicate offenses for a defendant to be found an

Armed Career Criminal. Without the application of the ACCA, the statutory maximum sentence for a conviction under 18 U.S.C. § 922(g)(1) (Defendant's count of conviction) is 120 months. Therefore, Defendant's sentence if 180 months was unlawful, as it exceeds the statutory maximum. For this reason Defendant's sentence must be vacated.

Defendant's PSR indicates that he has been in continuous custody related to this matter since December 21, 2005. Therefore, it would appear that the Defendant has already served in excess of the 120 month statutory maximum sentence. For this reason the Court will impose a revised sentence of 120 months without the necessity of any further hearing. It is the expectation of the Court that this resentencing will result in the expeditious release of the Petitioner from the Bureau of Prisons.

## O R D E R

**IT IS THEREFORE, ORDERED** that Petitioner's Motion to Vacate Sentence under 28 U.S.C. § 2255 and for Immediate Release [Doc. 1] is **GRANTED**, and Petitioner's sentence of 180 months' imprisonment is hereby **VACATED**.

**IT IS FURTHER ORDERED** that Petitioner is hereby resentenced to a term of 120 months' imprisonment, with all remaining provisions of

9

Petitioner's Judgment [Criminal Case No. 1:05-cr-00251-MR-DLH-1, Doc. 22] to remain in full force and effect.

The Clerk of Court is directed to certify copies of this Order to counsel for the Government, counsel for the Petitioner, the United States Bureau of Prisons, the United States Marshals Service, and the United States Probation Office. The Clerk of Court is further directed to close this civil case.

**SO ORDERED.**

Signed: May 13, 2016

Martin Reidinger
United States District Judge